```
              UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

<u>Deutsche Bank National</u>
<u>Trust Company</u>

    v.                                    Civil No. 12-cv-106-JD
                                              Opinion No. 2013 DNH 014

<u>Stewart Title Guaranty Company</u>

O R D E R

Deutsche Bank National Trust Company ("Deutsche Bank") seeks a declaratory judgment pursuant to RSA 491:22 that Stewart Title Guaranty Company ("Stewart Guaranty") must provide title insurance coverage for the quiet title action filed against Deutsche Bank by Adel Fadili, <u>Fadili v. Deutsche Bank</u>, 12-cv-68-JD (D.N.H. February 22, 2012). Stewart Guaranty moves for judgment on the pleadings on the ground that Exclusion 3(a) in the policy precludes coverage. Deutsche Bank objects.[1]

---

[1] Stewart Guaranty filed a reply, and Deutsche Bank's motion to file a surreply is granted. The surreply was considered here.

## Standard of Review

After filing an answer to the complaint, a party may move for judgment on the pleadings.[2] Fed. R. Civ. P. 12(c). The court uses the same standard as is used for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Collins v. Univ. of N.H., 664 F.3d 8, 13 (1st Cir. 2011). Under the applicable standard, the court takes the well-pled allegations as true, views all of the facts in the light most favorable to the non-moving party, and determines whether the complaint alleges facts to support a claim "that is plausible on its face." Downing v. Glove Direct LLC, 682 F.3d 18, 22 (1st Cir. 2012) (internal quotation marks omitted).

## Background

This case and two related cases arose from the sale of property within the Fadili family in which the sellers intended to sell, the buyers intended to buy, and the mortgagee intended to encumber a parcel containing a house, the House Lot, but the deeds of conveyance and mortgage documents described a different parcel, the Vacant Lot. The property is located in Alton, New Hampshire.

---

[2]Although Stewart Guaranty titles its motion as a motion to dismiss, it had filed its answer before filing the motion.

In the first conveyance, Adel Fadili sold property to his son, Amir Fadili, in 2002, intending to sell the House Lot. Stewart Title Company prepared the warranty deed from Adel to Amir, which described the Vacant Lot, not the House Lot. In 2006, Amir sold the property to his sister, Alia Fadili, again by warranty deed that described the Vacant Lot. Alia obtained a mortgage on the property through Long Beach Mortgage Company, and the mortgage described the Vacant Lot.

Stewart Guaranty, which is alleged to be related to Stewart Title Company, issued a loan title insurance policy to Long Beach and its successors or assigns. The policy issued by Stewart Guaranty listed the Vacant Lot as the property subject to Long Beach's mortgage.

In October of 2002, just after Adel sold the property to Amir, the Town of Alton issued a tax deed conveying the Vacant Lot to the town. Before Amir's sale to Alia, in October of 2005, the Town of Alton issued a tax deed conveying the Vacant Lot to Adel. Adel filed for bankruptcy protection in August of 2005, and the Chapter 7 Trustee discovered that Adel was the record owner of the House Lot, which was not encumbered by any liens. The Trustee notified all interested parties that he intended to sell the House Lot as part of the bankruptcy. Washington Mutual, as servicer of the Long Beach mortgage, and Alia objected to the

sale of the House Lot.  The Bankruptcy Court authorized the sale of the House Lot, overruling the objections to the sale.

After the House Lot was sold, Deutsche Bank as the successor to Long Beach brought suit against Alia, seeking to foreclose on the mortgage on the Vacant Lot and seeking an award of damages from Stewart Guaranty and Stewart Title for negligence and breach of contract.  <u>Deutsche Bank v. Fadili, et al.</u>, 09-cv-385-JD (D.N.H. Nov. 16, 2009).  In that action, Deutsche Bank acknowledged that at the time of the sale in 2006, when the mortgage was granted, it thought the mortgage encumbered the House Lot, not the Vacant Lot.  The court granted motions for summary judgment filed by Stewart Guaranty and Stewart Title Company, concluding that the negligence and breach of contract claims against Stewart Title were barred by the statute of limitation and failed on the merits and that the breach of contract claims against Stewart Guaranty failed on the merits. The court denied Alia's motion for summary judgment, leaving alive Deutsche Bank's claim for a declaratory judgment that it held a mortgage on the Vacant Lot.  The court stated, "[Deutsche Bank] may not have intended to take a mortgage on the vacant lot, but it surely intended to take a mortgage on some piece of property to secure the loan it made to [Alia] Fadili."  <u>Id.</u>, Summary Judgment Order, doc. no. 76, at *45.

4

Adel filed a quiet title action in state court that was removed to this court in which he claims a superior interest over Deutsche Bank to the Vacant Lot and seeks to remove the mortgage from the property.  <u>Fadili v. Deutsche Bank</u>, 12-cv-68-JD (D.N.H. February 22, 2012).  Deutsche Bank filed this suit for a declaratory judgment that under the terms of the title insurance policy issued to Long Beach, Stewart Guaranty must provide a defense to Deutsche Bank and indemnification for losses incurred in the quiet title action.[3]

## Discussion

Deutsche Bank seeks a declaratory judgment that Stewart Guaranty must provide indemnity and a defense for Deutsche Bank in Adel's quiet title action.  Stewart Guaranty moves for judgment on the pleadings based on Exclusion 3(a) in the policy issued to Deutsche Bank.  Deutsche Bank argues that the exclusion does not apply.

In a declaratory judgment action brought pursuant to RSA 491:22 to determine insurance coverage, the insurer bears the

---

[3] Deutsche Bank is the successor in interest to Long Beach on the mortgage issued to Alia when she bought the property from her brother, Amir.  To avoid confusion, the court will use Deutsche Bank to include Long Beach in referring to actions taken before Deutsche Bank became the successor in interest.

burden of showing that there is no coverage for the claim. <u>Rivera v. Liberty Mut. Fire Ins. Co.</u>, 163 N.H. 603, 606 (2012). Under New Hampshire law, "an insurer's obligation to its insured is determined by whether the cause of action against the insured alleges sufficient facts in the pleadings to bring it within the express terms of the policy." <u>Progressive N. Ins. Co. v. Argonaut Ins. Co.</u>, 161 N.H. 778, 780 (2011). While insurers may limit coverage through exclusions, when asserting an exclusion to avoid coverage, the insurer must show that it applies. <u>Rivera</u>, 163 N.H. at 606. Therefore, the inquiry begins by examining the policy language. <u>Progressive</u>, 161 N.H. at 780.

The title insurance policy issued by Stewart Guaranty to Deutsche Bank insures, subject to exclusions and exceptions, "against loss or damage . . . sustained or incurred by the insured by reason of," among other things: "1. Title to the estate or interest described in Schedule A being vested other than as stated therein; 2. Any defect in or lien or encumbrance on the title; . . . [and] 5. The invalidity or unenforceability of the lien of the insured mortgage upon the title." Policy, Complaint Ex. 1, at 1. Exclusion 3(a) provides that "[t]he following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of: . . . 3.

Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant."  Id. at 2.

"The 'created or suffered' exclusion is a standard one in title insurance contracts, and it is apparently one of the most litigated clauses in the field."  Home Fed. Sav. Bank v. Ticor Title Ins. Co., 695 F.3d 725, 732 (7th Cir. 2012) (additional quotation marks and citation omitted).  The majority of courts have held that "the 'created or suffered' language is intended to protect the insurer from liability for matters caused by the insured's own intentional misconduct, breach of duty, or otherwise inequitable dealings . . . ."  Id.; Am. Title Ins. Co. v. East West Fin., 16 F.3d 449, 455 (1st Cir. 1994).  The exclusion does not apply to mistakes, negligence, or shoddy practices by the insured.  Fifth Third Mortg. Co. v. Chicago Title Ins. Co., 692 F.3d 507, 511-12 (6th Cir. 2012); Chicago Title Ins. v. Resolution Tr. Corp., 53 F.3d 899, 905 (8th Cir. 1995).  Further, for the exclusion to bar coverage, the insured must have been aware of and must have agreed to the title defect before the title insurance policy issued.  See Stewart Title Guar. Co. v. Nat'l Enters., Inc., 1997 WL 800294, at *2 (9th Cir. Dec. 17, 1997); Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd., 858 F. Supp. 402, 421 (D.N.J. 2012).

In the underlying action, Adel seeks a declaratory judgment that he owns the Vacant Lot free of the mortgage, dated April 27, 2006, from Alia to Deutsche Bank.  Count I, titled as a petition to quiet title, asks that the cloud on the title to the Vacant Lot caused by Deutsche Bank's mortgage be removed because of a mutual mistake of fact about what property was being sold and was subject to the mortgage; because the seller, buyer, and mortgagee of the property did not intend the House Lot as the subject of the conveyance; and because Alia did not have valid title to the Vacant Lot when the property was mortgaged.  Count II seeks a declaration that the mortgage does not encumber the Vacant Lot on the ground that Deutsche Bank did not intend to acquire a mortgage on the Vacant Lot.  Count III asserts that no mortgage was created because Alia did not hold a valid title to the Vacant Lot when the mortgage was received and recorded.

In its motion for judgment on the pleadings, Stewart Guaranty asserts that Exclusion 3(a) applies to bar title insurance coverage because Deutsche Bank agreed "that the mortgage does not encumber the Vacant Land [sic]."  Stewart Guaranty contends that Deutsche Bank agreed to the defect "that the mortgage encumbers the House Lot not the Vacant Land." Stewart Guaranty also argues that if Deutsche Bank "agreed to a mortgage on a property other than that actually described in the

mortgage," then it agreed to the defect.  Based on those descriptions of the circumstances, Stewart Guaranty contends that Exclusion 3(a) applies because Adel can succeed in the quiet title action only if he proves that Deutsche Bank intended the mortgage to encumber the House Lot, not the Vacant Lot. Deutsche Bank asserts that Stewart Guaranty's theory is inapplicable in this case because Deutsche Bank did not intentionally create or agree to the defect in title, which exists because the wrong property description was provided by Stewart Title.  Deutsche Bank further argues that intentional misconduct, not negligence, is required to implicate Exclusion 3(a).  Because Adel's claims in the underlying action are based on the parties' mistake about which property was being sold and mortgaged and do not allege an intent or agreement to describe the wrong property in the conveyancing and mortgaging documents, Deutsche Bank contends that coverage in the underlying action is not barred by Exclusion 3(a).

   As is stated above, Exception 3(a) applies to intentional misconduct by an insured, not to negligence or mistake.  A claim in an underlying action, based on a mutual mistake of fact as to what property was conveyed because of an error in the conveyancing documents, does not implicate Exclusion 3(a).  See First Am. Title Ins. Co. v. MacLaren, L.L.C., 2012 WL 769601, at

9

*4-*5 (D. Del. Mar. 9, 2012); see also Mercantile-Safe Deposit & Tr. Co. v. Chicago Title Ins. Co., 2007 WL 892103, at *8-*9 (D. Md. Mar. 20, 2007).

The deed at issue in this case describes the Vacant Lot, based on the property description provided by Stewart Title in 2002. As a result, Deutsche Bank's mortgage documents and Stewart Guaranty's insurance policy for the 2006 conveyance also describe the Vacant Lot. Neither the claims nor the allegations in Adel's complaint in the underlying quiet title action suggest that Deutsche Bank intended to obtain a mortgage on the Vacant Lot or created, intended, or agreed to the alleged mistake in the property description that lead to the current dispute. Therefore, Exception 3(a) would not apply.

Stewart Guaranty argues, however, that Adel's quiet title action is analogous to a situation when the buyer in a sale and leaseback transaction sought coverage from its title insurer for an action brought against it by the property seller who was seeking to recharacterize the transaction as a mortgage rather than a sale of the property. See Ticor Title Ins. Co. of Calif. v. FFCA/IIP 1988 Prop. Co., 898 F. Supp. 633, 635 (N.D. Ind. 1995). In that case, the court held that the claim in the underlying recharacterization action implicated Exclusion 3(a) because to succeed, the seller would have to show that the buyer

10

intended to obtain a mortgage on the property, rather than fee simple as the deed showed.  The court reasoned that if the buyer intended to obtain a mortgage but knowingly participated in the purchase and sale transaction, the buyer created, suffered, assumed, or agreed to the defect in the title created by the difference between the parties' alleged intent and the deed.  Id. at 642.

In this case, as alleged in the underlying action, the parties agreed and intended to convey and mortgage the House Lot.  The defect occurred because the property description provided by Stewart Title is allegedly inconsistent with the parties' intent.  Adel does not allege, nor will he need to prove, that Deutsche Bank was aware of the mistake in the property description in 2006 at the time of the mortgage transaction or that Deutsche Bank intentionally proceeded with the transaction, knowing it pertained to the Vacant Lot, despite intending to obtain a mortgage on the House Lot.  Therefore, the circumstances in this case are not analogous to those in Ticor Title, as argued by Stewart Guaranty.

Stewart Guaranty has not carried its burden, for purposes of its motion for judgment on the pleadings, of showing that Exclusion 3(a) applies in this case to bar coverage for Deutsche Bank in the underlying quiet title action.

Conclusion

For the foregoing reasons, the plaintiff's motion for leave to file a surreply (document no. 27) is granted, and the defendant's motion to dismiss (document no. 15) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

January 31, 2013

cc:   Peter G. Callaghan, Esquire
      Edmond J. Ford, Esquire
      Kenneth D. Wacks, Esquire